UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

VALLEY EDWARDS RICKS and
JAMES VERNON RICKS                                                                    Plaintiffs

vs.                                                                          Civil Action No. 4:05CV105

CONSECO LIFE INSURANCE
COMPANY, et al.                                                                      Defendants

## ORDER

This cause comes before the court on the motion of plaintiffs Valley and James Ricks, pursuant to 28 U.S.C. § 1447, to remand **[10-1]** this case to the Circuit Court of Leflore County. Defendants have responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, along with other pertinent authorities, concludes that the motion is well taken and should be granted.

This is an insurance bad faith case arising out of fraud allegedly committed by defendants in connection with a life insurance policy sold to plaintiffs by defendant Conseco's predecessor in interest Lamar Life Insurance Company ("Lamar"). Plaintiffs allege that defendants misrepresented the amount of premiums which would be required under the life insurance policy in question, and, feeling aggrieved, they filed suit in the Circuit Court of Leflore County on March 16, 2005. On April 27, 2005, defendants removed the case to this court on the basis of diversity jurisdiction, *see* 28 U.S.C. §§ 1332, and plaintiffs responded with a timely motion to remand.

In asserting that diversity jurisdiction exists in this case, Conseco argues that no reasonable possibility of recovery exists against the non-diverse defendant William E. Johnston and that, as such, this defendant should be dismissed from this action upon a finding of fraudulent/improper

joinder. The removing party, which is urging jurisdiction on the court, bears the burden of demonstrating that jurisdiction is proper due to fraudulent/improper joinder. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). The Fifth Circuit has stated:

> The burden of persuasion placed upon those who cry "fraudulent joinder" is indeed a heavy one. In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.

*B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). The Fifth Circuit has reaffirmed that it "is insufficient that there be a mere theoretical possibility" of recovery; to the contrary, there must "at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder." *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)(citing *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 286 (5th Cir. 2000)).

In arguing that Johnston was fraudulently joined in this case, defendants' task is made considerably more difficult by the Fifth Circuit's decisions in *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004) and *McKee v. Kansas City Southern Ry. Co.*, 358 F.3d 329, 336 n.2 (5th Cir. 2004). A majority of the *en banc* Fifth Circuit in *Smallwood* observed that:

> Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. ... Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity.

*Smallwood,* 385 F.3d at 573. The Fifth Circuit in *McKee* similarly emphasized that the fraudulent joinder standard is more akin to a 12(b)(6) standard than the quasi-summary judgment standard

2

which had previously been applied by many district judges in this circuit. It is accordingly plain, in light of *McKee* and *Smallwood,* that the improper/fraudulent joinder standard is far more deferential to a plaintiff's allegations than had commonly been assumed.

Considered in the context of this rather permissive standard, this court concludes that defendants have failed to demonstrate that no reasonable possibility of recovery exists against the non-diverse defendant Johnston. In their complaint, plaintiffs make rather specific and lengthy allegations of fraud against Johnston in his capacity as procuring agent for Conseco's predecessor-in-interest Lamar. For example, plaintiffs allege that Johnston misrepresented to them that for a single lump sum payment of $63,000, Johnston would procure life insurance coverage in the amount of $750,000 through the year 2034, with no additional premium payments required from plaintiffs. Plaintiffs allege that they were only informed after they purchased the policy in question that additional premium payments would in fact be required. Plaintiffs further allege that Johnston intentionally misrepresented the true facts surrounding the policy in question and that he is therefore liable for fraud under Mississippi law.

In the court's view, the aforementioned allegations at least raise a reasonable possibility that plaintiffs might be able to establish a claim against Johnston personally under Mississippi law. *See Jenkins v. Farmington Casualty Company*, 979 F. Supp. 454, 457 (S.D. Miss. 1997)(agent may be held personally liable for heightened levels of misconduct such as gross negligence). In arguing that no reasonable possibility of recovery exists against Johnston personally, defendants rely upon factual arguments which are more appropriate for a summary judgment-style inquiry than the quasi-12(b)(6)

analysis applicable in the present context.[1] While it may later become apparent that no claim for fraud is, in fact, properly asserted against Johnston, the court can not conclude at this stage of the proceedings that such is the case. The court therefore concludes that diversity of citizenship is lacking, and this case is therefore due to be remanded.

It is therefore ordered that plaintiff's motion to remand [10-1] is granted, and this case is hereby remanded to the Circuit Court of Leflore County.

SO ORDERED, this 5th day of July, 2006.

      /s/ Michael P. Mills
      **UNITED STATES DISTRICT JUDGE**

---

[1] Indeed, *Smallwood* casts doubt upon whether this court should have even permitted defendants to conduct remand-related discovery regarding the merits of plaintiffs' claims against the nondiverse defendant Johnston. To reiterate, a majority of the Fifth Circuit in *Smallwood* observed that:
> Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. ... Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity.

*Smallwood,* 385 F.3d at 573. This language provides few standards to assist district courts in determining whether a particular cases is one of the "hopefully few" cases in which resort to a summary inquiry is necessary.